# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| FOREST RIVER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09-CV-302 JVB |
| | ) | |
| | ) | |
| HEARTLAND RECREATIONAL VEHICLES, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Both Plaintiff Forest River, Inc., and Defendant Heartland Recreational Vehicles, LLC, are manufacturers of recreational vehicles. This matter is before the Court on Defendant's motion to dismiss portions of Plaintiff's complaint (DE 10) and to strike paragraph 19 of the complaint. For the reasons set forth below, the Court DENIES the motions.

**A.      The Motion to Dismiss**

**(1)     *Legal Standard***

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570). A court will view all well-pleaded allegations in a light most favorable to the plaintiff. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

**(2)** *The Cedar Creek Trademark*

For its first claim, Plaintiff charges that Defendant's Cedar Ridge mark is confusingly similar to Plaintiff's Cedar Creek trademark, in violation of the Lanham Act, 15 U.S.C. §1125(a)(1)(A). Defendant seeks to have the claim dismissed to the extent that it attempts to state a claim for trade dress infringement. Plaintiff responds that it was not attempting to state a claim for trade dress infringement, but only a claim for trademark infringement. According, there is no controversy for the Court to decide. That portion of Defendant's motion attacking Plaintiff's pleadings regarding the Cedar Creek Trademark is denied as moot.

**(3)** *The Puma Trademark*

Plaintiff's second claim concerns Defendant's advertisement for one of its trailers. The

---

[1] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

2

ad depicts twenty-four points of comparison between Defendant's North Country trailer and "The Competition." The name of the product being compared is apparent in only the first two pictures, which show Plaintiff's Puma trailer, with the Puma logo clearly visible, under the label "The Competition." According to Plaintiff, twelve of the pictures in the remainder of the ad are trailers made by some other RV manufacturer. Plaintiff claims that the ad has the natural effect of misleading readers into thinking that features of other brands of trailers shown in the pictures are found in its Puma trailers, which is not true. Plaintiff maintains that this constitutes a violation of another section of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), which prohibits false or misleading advertizing.

> (a) Civil action
>
> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which–
>
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B).

Defendant argues that Plaintiff's false advertizing claim is defective because, when a statement is literally true or ambiguous, a plaintiff must prove that the statement is misleading in context by demonstrating actual consumer confusion. According to Defendant, Plaintiff has neither alleged that the ad in question is literally false nor alleged and demonstrated actual consumer confusion.

The Court disagrees. Plaintiff alleges in paragraph 28 of the complaint that customers and dealers viewing the ad are likely to, and have in fact, assumed that the references in the ad to The Competition mean Puma brand products, when many of the comparison pictures actually show some other RV brand. Moreover, Plaintiff has attached a copy of the ad to the complaint. The ad together with the allegations of the pleadings state a plausible claim that the ad is both false and misleading, and that viewers of the ad were actually misled. The complaint easily satisfies the requirements of Rule 8 and the *Twombly-Iqbal* line of cases. Whether the ad is in fact false or misleading and whether viewers were actually misled are questions for the jury. *See Mead Johnson & Co. v. Abbott Laboratories*, 209 F.3d 1032, 1034 (7th Cir. 2000).

Defendant also claims that Plaintiff's allegations concerning the Puma brand do not state a claim for infringement of the Puma brand under 15 U.S.C. § 1125(a)(1)(A). Once again, Plaintiff has responded that it was not attempting to state a claim regarding the Puma brand under 15 U.S.C. § 1125(a)(1)(A). Accordingly, the Court also denies that part of Defendant's motion to dismiss as moot.

**(4)** *State Law Claims*

Plaintiff asserts that the same facts that support its claims for trademark infringement and unfair competition under the Lanham Act also apply to unfair competition under Indiana common law. Both parties agree that, with respect to trademark infringement and false advertizing, Plaintiff's state law claims stand or fall with its Lanham Act claims. Accordingly, because the Court has determined that the Lanham Act claims stand, so do the state law claims.

**B.      The Motion to Strike**

Federal Rule of Civil Procedure 12(f) permits a court to strike from a pleading, among other things, any immaterial, impertinent, or scandalous matter.  Allegations may be stricken pursuant to Rule 12(f) "if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Mathews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992). Motions to strike are disfavored, in part because they tend to delay judicial proceedings. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). The decision whether to strike material as scandalous is within the discretion of the district court. *Talbot,* 961 F.2d at 665.

Defendant claims that paragraph 19 of the complaint is irrelevant, impertinent, and scandalous.  Paragraph 19 alleges:

> Heartland has arranged its corporate structure so as to be relatively immune from the consequences of illegal action through a series of corporate "shells," and has kept its true ownership entity secret even in violation of law.  For example, in the above-mentioned co-pending litigation between these parties Heartland was required under Fed. R. Civ. P. 7.1 to identify any parent corporation.  Heartland knowingly failed to do so even after deposition of its President revealed that Towable Holdings, Inc., owned all of Heartland and was itself owned entirely by another company.  This ownership structure fostered a subjectively reckless attitude among the officers and managing agents of Heartland toward the legal rights of others, including Heartland's competitors, such as River Forest.

Defendant asserts that these allegations have nothing to do with trademark infringement or false advertising and are prejudicial because they are defamatory.  Plaintiff responds that the allegations support its contention that Heartland is a willful infringer and that this is an exceptional case within the meaning of 15 U.S.C. § 1117(a), so as to merit an award of attorney

5

fees.[2]

At this state in the proceedings, the Court cannot say that the matters set forth in paragraph 19 bear no possible relation to the controversy. Accordingly, the motion to strike is denied.

**C.     Conclusion**

For the foregoing reasons, Defendant's motion to dismiss and strike portions of Plaintiff's complaint (DE 10) is DENIED.

SO ORDERED on June 29, 2010.

s/ Joseph S. Van Bokkelen<br>
Joseph S. Van Bokkelen<br>
United States District Judge<br>
Hammond Division

---

[2] The relevant part of 15 U.S. C. § 1117(a) provides simply that the court may award attorney fees to the prevailing party in exceptional cases.