# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| FOREST RIVER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09-CV-302 JVB |
| | ) | |
| | ) | |
| HEARTLAND RECREATIONAL | ) | |
| VEHICLES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's objections to the Magistrate Judge's order of October 14, 2010 (DE 40).

**A.  Background and Facts**

Plaintiff, Forest River, Inc., a manufacturer of recreational vehicles, sued defendant Heartland Recreational Vehicles, LLC, one of its competitors, for trademark infringement and false advertising.  The false advertising claim arises from a product comparison advertisement for Heartland's North Country brand travel trailer which used a picture of Forest River's Puma brand travel trailer on the same page as a reference to "The Competition."  The ad set out twenty-four points of comparison between the North Country trailer and "The Competition." Forest River contends, that although twelve of the points of comparison are not features of their Puma trailer, the ad misled viewers of the ad into believing that they all applied to the Puma, which resulted in lost sales and reduced good will.

In order to prevail on its claim against Heartland, Forest River must show, among other things, that the ad actually deceived or has the tendency to deceive, a substantial segment of its audience, and that the deception is likely to influence the purchasing decision. *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999). To learn the identity of North Country purchasers who might have been affected by the ad, Forest River directed subpoenas to eight nonparty RV dealers who sell the North Country trailer, requesting sales records. Four of the dealers are located in the Northern District of Indiana, and four are located in other districts.

Heartland then filed a motion for a protective order to quash all eight subpoenas, pursuant to Federal Rules of Civil Procedure 26(c) and 45(c)(3). However, at some point before the magistrate judge ruled on the motion, three of the eight dealers gave Forest River the requested information. In his order of October 14, 2010, the magistrate judge quashed the five remaining subpoenas but gave Forest River permission to use the information gained from the three other subpoenas, and prohibited River Forest from issuing any other nonparty subpoenas without court approval. Forest River filed timely objections to the order and the matter has been fully briefed. The Court heard oral argument on the objections on January 25, 2011.

**B.     Legal Standards**

**1.     *Standard of Review***

Under Federal Rule of Civil Procedure 72(a), the district judge must consider timely objections to a magistrate judge's order on a nondispositive matter and modify or set aside any part of the order that is clearly erroneous or contrary to law. Under the clear error standard, "a district court can overturn the magistrate judge's ruling only if the court is left with the definite

2

and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

**2.** *Standard for Issuance of a Protective Order*

Under Federal Rule of Civil Procedure 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." However, under Rule 26(c), a party from whom discovery is sought may move for a protective order, and the court may "for good cause shown issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Such an order may provide that the discovery not be had or that a trade secret or other confidential commercial information not be revealed or be revealed only in a designated way, among other things. The burden to show good cause is on the party seeking the order. *Jepson, inc. v. Makita Elec. Works, Ltd.*, 30 f.3d 854, 858 (7th Cir. 1994).

**C.    Analysis**

Heartland alleged in its motion for a protective order that the customer information Forest River seeks is confidential commercial information which is not relevant and necessary, that virtually all the information it seeks can be obtained from Heartland itself, and that courts do not allow opposing parties to have comprehensive, unfettered access to their opponents' customers in Lanham Act cases. Heartland argues that, at most, Forest River should be permitted to obtain a small sample of the end users of its products for the purpose of assessing the merits of its claims. In its response, Forest River pointed out that Heartland did not back up

its assertion of the confidentiality of the information with any evidence and that the information sought is relevant, in that it seeks to identify people who actually saw the ad in question in order to learn whether they were misled by it. Moreover, Heartland did not provide evidence that it has the information. Finally Forest River argues that the cases cited by Heartland are factually distinguishable and do not support the proposition that customer lists are not discoverable in Lanham Act cases. The parties also argue over standing issues and the propriety of quashing subpoenas issued by district courts other than the Northern District of Indiana.

This Court assumes without deciding that Federal Rule of Civil Procedure 26(c) permits Heartland to assert the interests of its dealers and customers in support of its argument that enforcement of the subpoenas should be enjoined, and that Rule 26(c) may be used to enjoin the enforcement of subpoenas issued by district courts other than the District Court for the Northern District of Indiana. Even so, this Court finds that Heartland has not met its burden of showing good cause for denying the discovery Forest River seeks.

To begin with, Heartland asserts, without citation of authority or evidence, that information about purchasers of its products, in the hands of its dealers, is confidential. This conclusory statement fails to provide the particular and specific demonstration of fact that is required for the issuance of a protective order. *Autotech Techs. LP v. Automationdirect.com*, 235 F.R.D. 435 (N.D. Ill. 2006).

Second, Heartland has not provided any evidence that denying enforcement of the subpoenas is needed to protect itself, its dealers, or customers from annoyance, embarrassment, oppression, or undue burden or expense. The only evidence is that Forest River was successful in obtaining the information sought via the subpoenas from three of the dealers and was on the

4

way to reaching agreement with several others with a minimum expenditure of time and money, until Heartland filed the instant motion. While Heartland would prefer that as few people as possible know about the suit, such a preference is not sufficient grounds for denying Forest River otherwise relevant evidence.

Nor has Heartland shown that the evidence Forest River ultimately seeks from the customer contact information is irrelevant. Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The testimony of customers who actually saw the ad as to whether they were misled by it and whether it influenced their purchasing decision meets this standard. This is the sort of evidence Forest River hopes to develop through contact with purchasers of Heartland's product.

Heartland's chief concern appears to be that Forest River will disparage it to its customers when Forest River contacts them and that Forest River will use the information for purposes unrelated to the lawsuit. These concerns can be addressed short of denying discovery altogether by means of an order limiting who may have access to the lists and what may be said to customers who are contacted.

**D.    Conclusion**

For the foregoing reasons, the Court SUSTAINS Forest River's objections to the magistrate judge's decision and sets it aside (DE 40). Forest River may proceed to enforce the five remaining subpoenas that have not been answered. However, Forest River shall not contact

any additional customers or otherwise use the information gained from the subpoenas until further order of this Court. The parties shall meet to fashion a proposed agreed protective order addressing Heartland's concerns about disparagement and use of the customer information for purposes unrelated to the instant action, which shall be filed and sent to the Court's e-mail address, in WordPerfect or Word format, within forty-five days of the entry of this Order. If the parties are unable to agree, each shall file and submit its own proposed protective order within forty-five days of the entry of this Order.

SO ORDERED on February 14, 2011.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division
