UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| HEARTLAND RECREATIONAL | ) | | |
|---|---|---|---|
| VEHICLES, LLC, *et al*, | ) | CAUSE NOS.: | 3:08-CV-490-JD-CAN |
| | ) | | 3:09-CV-302-JD-CAN |
| v. | ) | | 3:10-CV-011-JD-CAN |
| | ) | | 3:10-CV-409-JD-CAN |
| FOREST RIVER, INC., *et al*, | ) | | 3:11-CV-250-JD-CAN |

**OPINION AND ORDER**

Pending before the Court are five cases, 3:08-cv-490, 3:09-cv-302, 3:10-cv-11, 3:10-cv-409, and 3:11-cv-250, which are now assigned to the same Magistrate Judge and the undersigned for purposes of judicial economy and the expeditious resolution of these matters, consistent with N.D. Ind. L.R. 40.1. Forest River, Inc., and Heartland Recreational Vehicles, LLC, are litigants in all five cases, along with other parties who are named in some of the cases, including Brian Brady, Catterton Partners, and Thor Industries, Inc.[1] The Court now details the nature of these related cases, along with their various pending motions, in an effort to determine how best to proceed in a fair and expeditious manner.

**Case 3:08-cv-490**

Case 3:08-cv-490 was the first of the five cases filed. Heartland initiated the lawsuit against one of its competitors, Forest River, claiming that Forest River infringed Heartland's United States Patent No. 7,278,650 entitled "Travel Trailer Having Improved Turning Radius" ("the '650 patent") [DE 1]. In response, Forest River filed its Answer and Counterclaim on November 17, 2008, which was amended on January 29, 2009 [DE 25], and included allegations of non-infringement, invalidity, and unenforceability of the '650 patent, trademark infringement,

---

[1] It is alleged that Brian Brady and Catterton Partners managed and controlled Heartland on a daily basis, and that Thor Industries, Inc. purchased Heartland in September 2010 [3:09-cv-302, DE 45].

criminal deception, and conduct warranting an award of attorney's fees under 35 U.S.C. § 285. Eventually, Heartland voluntarily dismissed its patent infringement claims which were based on the '650 patent [DE 91], and Heartland executed a covenant not to sue which resulted in the dismissal of Forest River's counterclaim for non-infringement, invalidity and unenforceability of the '650 patent [DE 115]. Therefore, the only claims that remain pending in this case for independent adjudication are counterclaims asserted by Forest River against Heartland alleging trademark infringement, criminal deception, and conduct warranting an award of attorney's fees under 35 U.S.C. § 285 [DE 115 at 1].

In summary, the counterclaims involve the following alleged facts, as previously recounted by this Court [3:08-cv-490, DE 32]: On October 22 and 23, 2008, Forest River hosted a private (by invitation only) trade show and more than 700 guests were invited to attend, representing approximately 350 RV dealerships from across North America and as far away as Australia. A theme of this trade show was "Pick Your Partner," referring to the business relationships that can develop between an RV manufacturer and an RV dealer. One of the purposes of this event was to encourage sales of various Forest River products to new and existing RV dealers. To provide overnight accommodations for its guests, Forest River reserved several hotels in Mishawaka, Indiana. Forest River created an internal business document, called a "Master List," identifying each guest who would be attending the private trade show and identifying the hotel where each guest would be staying. Forest River paid for its guests' accommodations at these hotels.

On Wednesday, October 22, at approximately 3:30 p.m., while most of Forest River's guests were in attendance at the private trade show, several of Heartland's employees entered the

hotels reserved by Forest River.  The Heartland employees were carrying stacks of envelopes, each labeled with the name of a Forest River guest and an identification of which hotel that guest was staying.  The Heartland employees went to the front desks of the hotels and then falsely stated and represented to the hotel attendants that they were "from Forest River" and that they had "important" envelopes which needed to be delivered to the Forest River guests "for a Forest River dealer meeting the next day" [DE 25, ¶ 76].  The Heartland employees induced the hotel attendants to immediately deliver the envelopes to the rooms of each named guest in their respective hotels, such as by slipping the envelopes under the guests' room doors. Security video cameras monitoring the front desks in at least two of the hotels recorded this event and the Heartland employees doing it.

 The envelopes contained documents advertising Heartland's travel trailers, and documents comparing several Flagstaff models of Forest River products with certain North Trail models of Heartland products. The envelopes also contained a specific invitation to visit Heartland's place of business in Elkhart that same week, while the guests were in the area attending Forest River's private trade show, including a map showing how to get there.  Several of Forest River's guests, who were RV dealers, were induced by the contents of those envelopes to visit Heartland's place of business that same week and placed orders for Heartland travel trailers, causing lost sales by Forest River, a direct competitor of Heartland. Those actions ("the Hotel Action"), resulted in "disruption and confusion among several of Forest River's guests because of the incongruity and surprising manner in which the envelopes were delivered. . .[and] adversely affect[ed] Forest River's good will with its dealers and adversely affected Forest River's sales of its products" [DE 25, ¶¶ 80, 81].

Before the Court in case 3:08-cv-490 is a series of pending motions: Heartland's Motion for Summary Judgment [DE 130], which was filed on November 2, 2010, with a response deadline of September 21, 2011 (almost one year later); Forest River's Partial Motion for Summary Judgment on Unfair Competition [DE 134]; Heartland's Cross-Motion for Summary Judgment on Unfair Competition [DE 141]; Forest River's Motion for a Hearing [DE 183]; and Forest River's Motion in Limine [DE 184]. The Court has reviewed each of these motions and memorandums in support, along with the parties' overlapping responses and replies (and embedded requests for relief within those responses and replies), and notes the following relevant facts.

On November 2, 2010, Heartland filed a Motion for Summary Judgment [DE 130] and supporting documents [DE 131, 132]. Heartland sought summary judgment on what it thought were all of the pending counterclaims [DE 142 at 1, 3-7], arguing that it did not engage in inequitable conduct and that, in relevant part, Forest River cannot create an issue of material fact on the Lanham Act or criminal deception claims because Forest River cannot show that it suffered monetary damages or pecuniary harm proximately caused by Heartland [DE 131 at 4]. A primary argument made by Heartland is that Forest River has failed to identify a single sale that Heartland gained (and Forest River lost) as a result of Heartland's alleged conduct [DE 131 at 38-42, 45].

Forest River responded initially by filing a Notice [DE 146] that Forest River was unable to timely file a response in opposition to Heartland's Motion for Summary Judgment [DE 130] because Heartland had yet to provide needed discovery—a discovery dispute which has focused on Forest River's ability to prove damages [DE 134-1 at 9; DE 145 at 12-13]. As a result of the

4

ongoing discovery dispute, Forest River was not ordered to file a response until September 21, 2011 [DE 179]. In compliance with the deadline set by the Magistrate Judge, Forest River filed its Response [DE 181, 182], along with a Motion for a Hearing [DE 183] and a Motion in Limine [DE 184]. In its Response, Forest River explained in relevant part that Heartland's "delaying tactics and refusal to participate in discovery has resulted in the withholding of evidence related to the damages sustained from the Hotel Action, which is still the subject of an unresolved motion (DE#169) before the Court even though a response on that issue is required for this summary judgment motion prior to decision." [DE 181 at 17]. Forest River also explained that it is having a problem with computing the exact amount of profit that Heartland received during the time of the Hotel Action because the spreadsheet of Heartland's profits submitted by Heartland in case 3:08-cv-490, is different from the spreadsheet submitted by Heartland in case 3:09-cv-302 [DE 181 at 16, 24]. Additionally, a significant portion of Forest River's Response discussed the fact that its counterclaim for attorney fees is based on an "exceptional case claim" which relies in part on Heartland's alleged abuse of legal process in using subpoenas issued in case 3:08-cv-490 to secure discovery from another case (which Heartland was not a party), so that Heartland could use that information to obtain United States Patent 7,878,545 ("the '545 patent")—the '545 patent is now the subject of Heartland's patent infringement lawsuit filed against Forest River on June 14, 2011, case 3:11-cv-250 [DE 1], which is discussed *infra*.

Heartland's Motion for Summary Judgment [DE 130] is still not ripe, and will not be ripe until after reply time has lapsed.

Also on November 2, 2010, Forest River filed a Partial Motion for Summary Judgment

on a claim for Unfair Competition[2] [DE 134] and supporting documents [DE 134, 135]. Therein, Forest River sought judgment as a matter of law on claims for unfair competition and interference with business relations [DE 134-1 at 4 -13]. Forest River stated that the claims are based on the same facts as Forest River's Lanham Act claim [DE 134-1 at n.1], namely, Heartland's obtaining Forest River's Master List by intentional deception and then using the Master List to gain commercial advantage during the time of Forest River's private trade show on October 22-23, 2008 [DE 134-1 at 1]. Forest River admitted that there are "many, many facts in dispute in this lawsuit" and that several significant discovery disputes exist, but then argued that summary judgment can still be granted because regardless of not knowing the extent of Heartland's monetary gain, Heartland's liability is clear [DE 134-1 at 1, 9, 11-13].

On December 8, 2010, Heartland responded [DE 142, 143] and argued that Forest River requested summary judgment on these state law claims because Forest River failed to properly amend the pleadings to include these claims. Heartland requested that:

> [I]f the Court decides to consider the merits of the claims stated in Forest River's Motion, the Court should consider this response as Heartland's brief in support of its concurrently-filed Cross-Motion for Summary Judgment on Forest River's claims and grant that motion. In the event that the Court decides that Forest River's claims should survive this cross-motion, however, Heartland requests that the Court provide it with an opportunity to file its own, fully-briefed motion for summary judgment, one supplemented by additional depositions and other discovery, before allowing this case to go to trial.

[DE 142 at n.1 at 1, 5-7]. Heartland also asserted a preemption defense under the Indiana Uniform Trade Secrets Act and argued that Forest River failed to meet the necessary elements of the state claims, including proof that Heartland gained a single sale as a result of obtaining the

---

[2]Notably, on September 29, 2010 (before Forest River and Heartland moved for summary judgment in case 3:08-cv-490), Forest River filed another lawsuit, 3:10-cv-409, alleging various claims based on Heartland's acquisition of the Master List. Case 3:10-cv-409 is discussed *infra*.

Master List for purposes of showing tortious interference with a business relationship [DE 142 at 2, 8-24]. Heartland's Cross-Motion for Summary Judgment [DE 141] also indicated that Heartland did not conduct full discovery into Forest River's claims that were filed as part of a separate lawsuit in case 3:10-cv-409.

Instead of filing a Motion to Strike Heartland's combined brief in support of its Response to Forest River's Motion for Summary Judgment and in support of Heartland's own Cross-Motion for Summary Judgment, Forest River filed a Reply to its Motion for Partial Summary Judgment on December 29, 2010 [DE 154 at 3]. Furthermore, instead of formally seeking Leave to Amend its Complaint or filing a Motion to Consolidate Cases, Forest River dedicated a substantial portion of its Reply to a request that the Court should constructively or expressly amend the pleadings to conform to the evidence, pursuant to Fed. R. Civ. P. 15(a) or (b)(2) [DE 154 at 4-14]. Forest River argued that amending the pleadings to include Forest River's state law claims would be proper under Rule 15(b)(2), despite the fact that the case has not gone to trial, so long as the opposing party had a fair opportunity to defend and present evidence on the known substance of the amendment [DE 154 at 12-13].

On January 10, 2011, Forest River filed a Response [DE 160] to Heartland's Cross-Motion, and asserted, among other things, that Heartland has refused to provide documents and testimony on the issue of damages in violation of the Court's March 31, 2010 order [DE 160 at 10].

On January 31, 2011, Heartland filed its Reply [DE 168] and noted that (at the time) it was possible that Forest River may seek to supplement the record with respect to damages based on discovery disclosures which were ordered by the Court [DE 168 at n.5, 11].

**Cases 3:08-cv-490 and 3:10-cv-409**

Although cases 3:09-cv-302 and 3:10-cv-11 were filed next by Forest River, the Court discusses the commonality of the first case filed, case 3:08-cv-490 and the fourth case filed, case 3:10-cv-409.

On September 29, 2010 (before Forest River and Heartland moved for summary judgment in case 3:08-cv-490), Forest River filed another Complaint against Heartland, case 3:10-cv-409 [DE 1]. The Complaint explicitly indicated that three prior lawsuits pend between the parties, that is 3:08-cv-490, 3:09-cv-302, and 3:10-cv-11, and noted that "[t]he facts which form the basis for this lawsuit include the facts which formed the basis for the Hotel Action counterclaims of Forest River in the '490 case plus additional facts which have since then come to light regarding the events of October 2008, and Heartland's actions in marketing recreational vehicles as part of discovery in the '490 and '302 cases. It is expected that Forest River will seek to consolidate at least this case and the '490 case." [3:10-cv-409, DE 1 at 1]. The Complaint further indicated that "[i]n a general sense, the Hotel Action counterclaims of the '490 case are akin to 'lesser included offenses' to the present claims." *Id*. In fact, Forest River asserted claims under the Lanham Act and claims for conspiracy to commit computer fraud and abuse, conspiracy to commit criminal mischief, tortious interference with prospective economic advantage and business contracts, and unfair competition. *Id*.

Defendant Heartland filed a Motion to Dismiss in case 3:10-cv-409 [DE 12] and a supporting memorandum [DE 13], and stated that "[e]very putative claim stated in the Complaint has been or could have been stated in connection with another lawsuit pending between the parties before this Court, Case No. 3:08-CV-490, thereby preventing Forest River from raising

them in this separate action." [DE 12]. Also, Heartland asserted that it "has already explained why [the state law claims] must fail in its Cross-Motion for Summary Judgment in Case 3:08-CV-490, which is contained at docket entries 141-143 in that action." *Id*. Heartland requested that "should the Court allow those claims to proceed in this action, Heartland asks that the Court permit Heartland to file a subsequent Motion to Dismiss, one in which Heartland can outline their many fatal substantive deficiencies." *Id*.

In response [DE 19], Forest River argued that "[i]t was originally expected that the '409 case would be consolidated into the '490 case in whole or part,[3] but Heartland has expressly refused to consent to that consolidation, preferring instead that a separate lawsuit be maintained (which it now seeks to dismiss because the claims were not rolled into the '490 case!)." [DE 19 at 4]. Forest River explained that the information upon which case 3:10-cv-409 is based was not known to Forest River until after case 3:08-cv-490 was filed [DE 19 at 8].

Yet again, Forest River did not formally move to amend its pleadings in case 3:08-cv-490,[4] nor did Forest River move to consolidate any cases.

Forest River dedicated some of its Response to excusing its actions by arguing that the 3:08-cv-490 case is based on the Hotel Action, while the 3:10-cv-409 case is based on "the manner of taking the Master List in the first place." [DE 19 at 9-10, 17]. Forest River made this assertion despite the fact that in moving for Partial Summary Judgment in case 3:08-cv-490,

---

[3]After filing the Complaint in case 3:10-cv-409, Forest River again indicated its intent to consolidate case 3:10-cv-409 with case 3:08-cv-490, and admitted that case 3:10-cv-409 was filed based upon a more complete understanding of the events of October 2008 that emerged from discovery in case 3:08-cv-490 [3:08-cv-490, DE 145 at n.1].

[4]Forest River's implication that the Court denied its right to amend the pleadings despite Heartland's delay in discovery [3:10-cv-409, DE 19 at 19] is not well taken. Instead, the Magistrate Judge held that "Any attempt to amend the pleadings must be by motion and an order of the court pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure." [3:08-cv-490, DE 47].

many of Forest River's purported undisputed material facts concern the manner of Heartland's "acquisition and use" of Forest River's Master List [DE 134-2].

Forest River continued its explanation (still in its dismissal response) by stating that "[w]hile putting all of the claims against Heartland into one basket may make discovery significantly easier, since a jury trial is involved in each case, the question becomes: exactly how much of a time burden do we want to put onto a single jury? The longer the time burden, the fewer jurors are available for that type of commitment, and the harder it will be for a juror to retain all of the facts clearly, given that jurors are not usually allowed trial transcripts for consideration." [3:10-cv-409, DE 19 at 10-11].

What Forest River's argument failed to consider is that before any claim can be heard by a jury it must first survive the dispositive motions stage—a process which has been delayed for over two years on account of the parties' incessant discovery quarrels in multiple cases requiring Court intervention [*see* 3:10-cv-409, DE 21]. In addition, Forest River made the argument that claims are split for efficiency purposes, however, it (again) incorporated its brief filed in case 3:08-cv-490 [DE 134] to support its dismissal response in case 3:10-cv-409 [DE 19 at 24].

In relevant part, Heartland stated in its Reply brief that "Forest River is currently prosecuting two lawsuits based on the facts surrounding Heartland's acquisition and use of a so-called 'Master List' at the time of Forest River's Trade Show in October of 2008." [3:10-cv-409, DE 20 at 2].

**Cases 3:08-cv-490 and 3:09-cv-302**

The second case filed in the series of cases discussed herein was case 3:09-cv-302. According to Forest River, case 3:09-cv-302 started off dealing with trademark infringement and

unfair competition claims against Heartland on account of deceptive comparative advertisements which expressly targeted by name Forest River's Puma brand of products and used a confusingly similar model name, Cedar Ridge, which was used by Heartland to compete with Forest River's Cedar Creek brand of products [3:10-cv-409, DE 19 at 3-4]. Case 3:09-cv-302 was expanded on November 18, 2010 [3:09-cv-302, DE 45], to include claims of predatory pricing, antitrust law violations, and allegations of unfair competition against Heartland, Brian Brady, Catterton Partners, and Thor Industries (based on evidence that Thor Industries purchased Heartland in September 2010). *Id*. The trademark violations still concern Forest River's Cedar Creek and Puma trademarks. However, the predatory pricing claim is based in part on Forest River's reliance on Heartland's obtaining the Master List "as described in the lawsuit currently pending before this Court...3:10-cv-409", and on deposition testimony taken in case "3:08-cv-490, before this Court" [3:09-cv-302, DE 45 at 18]. The Amended Complaint also states that Forest River's "other unfair competition and antitrust law violations" are related to "use of that Master List in the fall of 2008, as referred to in the '490 and '409 lawsuits noted above and described in detail in the pleadings thereof (which are hereby incorporated by reference)." [3:09-cv-302, DE 45 at 20]. Forest River's Amended Complaint also provided that the acts of Heartland, the subject of which is found in cases 3:08-cv-490, 3:10-cv-11, and 3:10-cv-409, constituted "all related efforts by Heartland to obtain market share by any means, legal or not, and in complete disregard of Forest River's rights" [3:09-cv-302, DE 45 at 21-22].

All of the Defendants named in case 3:09-cv-302, that is, Heartland, Brian Brady, Catterton Partners, and Thor Industries have moved for dismissal under Rule 12(b)[5] [DE 68, 71]. In response

---

[5]Notably, the Court previously denied Heartland's Motion to Dismiss portions of Forest River's initial Complaint [DE 19]. Heartland's Motion to Dismiss is filed with respect to the Amended Complaint.

to the Motion to Dismiss filed by Heartland, Brian Brady, and Thor Industries [DE 68], Forest River requested a hearing [DE 83], noted that "the facts and circumstances giving rise to these separate lawsuits are related," and specifically relied in part on the analysis it presented in its Partial Motion for Summary Judgment filed in case 3:08-cv-490 [DE 134-1] and stated that "[f]or the sake of brevity herein, those prior legal analyses are incorporated by reference." [3:09-cv-302, DE 82 at 3, 11]. In response to Catterton Partners' Motion to Dismiss, Forest River again relied on facts presented to the Court in case 3:08-cv-490, and indicated that Forest River has requested the consolidation of discovery in cases 3:08-cv-490 and 3:09-cv-302 [3:09-cv-302, DE 84 at 2].

Replies were filed [3:10-cv-302, DE 87, 89], and Catterton Partners noted that Forest River and Heartland have litigated "this and similar actions for at least two years" and that case 3:08-cv-490 "is sufficiently similar to the present litigation" [3:10-cv-302, DE 87 at 11].

It is true that Forest River has sought to consolidate discovery in case 3:09-cv-302 with case 3:08-cv-490 [3:09-cv-302, DE 37], a decision which was put on hold until the pending Motions to Dismiss were resolved [3:09-cv-302, DE 56].

**Case 3:10-cv-011**

On January 7, 2011, Forest River filed another Complaint against Heartland, case 3:10-cv-011 [DE 1]. Case 3:10-cv-11 focuses on copyright infringement arising from Heartland's alleged copying of a Forest River "r.Pod" floor plan, which was then re-labeled with a Heartland "MPG" model name designation in a comparative advertisement and other Heartland advertisements [DE 4]. The Court has previously dismissed Forest River's claim for copyright infringement with respect to Heartland's manufacture of a competing trailer and the claim for unfair trade practice and unfair competition [DE 19]. The remaining claim by Forest River

12

against Heartland concerns copyright infringement with respect to Forest River's floor plan drawing. *Id*.

As previously discussed, the allegations made in case 3:09-cv-302, rely in part on the allegations made by Forest River in case 3:10-cv-11. Specifically, when Forest River filed its Amended Complaint in case 3:09-cv-302 [DE 45], it alleged claims of unfair competition and antitrust law violations, and stated in support of those claims, that Heartland's conduct as described in the previous cases, including case 3:10-cv-11, are all related efforts by Heartland to obtain market share by any means, legal or not [3:09-cv-302, DE 45 at 21-22]. At this time, no motions are currently pending in case 3:10-cv-11.

**Case 3:11-cv-250**

On June 14, 2011, the fifth case involving Heartland and Forest River was filed [3:11-cv-250, DE 1]. In this case, Heartland sued Forest River claiming that Forest River infringed upon Heartland's '545 patent entitled "Travel Trailer Having Improved Turning Radius" [3:11-cv-250, DE 1]. In response, Forest River filed an Answer and added claims against Heartland and Thor Industries for allegedly committing the tort of abuse of process and conspiring to abuse legal process [DE 13]. A responsive pleading is due by Heartland and Thor Industries on October 20, 2011 [DE 19].

It appears that Forest River's counterclaims are based on conduct that Thor Industries and Heartland allegedly engaged in throughout the course of the various lawsuits filed. In fact, Forest River's Response to Heartland's Motion for Summary Judgment in case 3:08-cv-490 confirmed that Forest River accuses Heartland of abusing legal process by using subpoenas issued in case 3:08-cv-490 to secure discovery which helped Heartland obtain the '545 patent

[3:08-cv-490, DE 181]. Moreover, Forest River specifically asserted that the patent application which issued as the '545 patent, "is the same subject matter" as the patent application of the '650 patent (which Forest River continues to claim is invalid) [3:08-cv-490, DE 181 at n.14, 19].

**<u>The Effective Management of the Five Related Cases:</u>**
**<u>3:08-cv-490, 3:09-cv-302, 3:10-cv-11, 3:10-cv-409, and 3:11-cv-250</u>**

The Court not only has the discretion to effectively manage its docket, but it has an obligation to do so, while construing and administering the Federal Rules to do substantial justice and to secure the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1, 8(e). In fact, the Seventh Circuit has "repeatedly held that district courts have broad discretion to manage their dockets . . . [i]mplicit in this basic principle is the authority to enforce local rules or practices that enable a district court to manage its docket as efficiently and speedily as possible, particularly where there is no risk of unfair prejudice to the litigants." *A. Bauer Mech., Inc. v. Joint Arbitration Bd. of Plumbing Contractors' Assoc. and Chi. Journeymen Plumbers' Local Union 130, U.A.,* 562 F.3d 784, 790 (7th Cir. 2009) (internal citations and citations omitted); *Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008) ("[d]istrict court judges, because of the very nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload.") (citations omitted).

The interest of the Court is to administer justice to the parties on the merits of claims and defenses, and it must do so by limiting the procedural complexities raised by overlapping motions in related cases. So as to ensure the just and speedy resolution of the five related cases, and to prevent unnecessary duplication of effort in those cases, the undersigned now takes a more active role and considers consolidating the cases and the discovery, in a manner that does not pose a risk of unfair prejudice to the litigants and their interests in pursuing potential claims

or defenses.

In so doing, the Court notes that in these five related cases, counsel continue to engage in various discovery disputes, even after the discovery deadline has formally passed in at least one instance. Moreover, although Forest River has sought to consolidate discovery in case 3:08-cv-490 and case 3:09-cv-302 [3:09-cv-302, DE 37], this is insufficient to address the fact that most of the legal claims asserted in the five cases [3:08-cv-490, 3:09-cv-302, 3:10-cv-11, 3:10-cv-409, and 3:11-cv-250] involve the same parties, and at least three cases [3:08-cv-490, 3:09-cv-302, and 3:10-cv-409] are based on common facts. The overlapping of legal claims and supporting facts is evident by the parties' filings which continue to cross-reference other filings and pleadings made in other cases. Yet, again, no party has sought to consolidate any of the five cases, and that opposing counsel has not consented to consolidation is no reason not to seek it. Because counsel are unable to independently resolve the issue of consolidation (along with various other matters that experienced counsel often handle without the Court's intervention), the Court now rules as follows:

The parties are **ORDERED TO SHOW CAUSE by October 28, 2011** for why the Court should not consolidate cases 3:08-cv-490, 3:09-cv-302, and 3:10-cv-409, consistent with Fed. R. Civ. P. 42, providing that actions involving "a common question of law or fact" may be consolidated. *See, e.g., 3600 Michigan Co., Ltd. v. Indra-Metals, Co.*, No. 2:07-cv-367, 2010 WL 5104835 (N.D. Ind. Dec. 9, 2010) (*sua sponte* ordering cases consolidated and noting that the decision to consolidate under Rule 42 is within the discretion of the trial judge).

The parties are further **ORDERED TO SHOW CAUSE by October 28, 2011** for why the Court should not consolidate the discovery in all five cases, 3:08-cv-490, 3:09-cv-302, 3:10-

cv-11, 3:10-cv-409, and 3:11-cv-250, in order to avoid unnecessary cost and delay, and to avoid inconsistent discovery rulings in cases involving the same parties.  **To be clear, the Court is referring to all discovery, including discovery relative to damages (because as reflected by the parties' filings, the ability to prove damages affects the liability determination on various claims).**

If any parties involved in these cases reach an agreement as to the issue of consolidation (relative to the consolidation of cases or discovery), then by this same deadline, the parties shall file the joint resolution with the Court that shall identify the relevant cases and explain the reasons why consolidation is or is not appropriate.  Ultimately, the undersigned will decide whether consolidation of cases or discovery is appropriate.

The Court finds it prudent to first determine what cases ought to be consolidated, before expending any further limited judicial resources resolving various motions, including motions to dismiss, because the Court anticipates that the decision will likely impact the substance of the motions to be filed.  As a result, the currently pending motions to dismiss, as identified herein, will be dismissed with leave to refile after the decision relative to consolidation is rendered.  The Court is sensitive to the parties not wanting to bear the heavy burden of engaging in expensive discovery; however, as discussed, the Court must manage its docket in order to ensure the effective administration of justice—thus, the appropriateness of consolidation must be considered first.

Once the order concerning consolidation is issued, the defendants in case 3:09-cv-302 and case 3:10-cv-409 (the only 2 cases in which motions to dismiss are currently pending), will be given 30 days to file a responsive pleading (however this deadline is subject to change). *See*

Rule 12(a)(4). Relative to case 3:11-cv-250, Thor Industries and Heartland shall abide by their agreed notice to file a responsive pleading on the counterclaims by October 20, 2011 [DE 19]. *See* Fed. R. Civ. P. 12(a). However, should this ruling affect counsels' agreed-upon deadline in case 3:11-cv-250, then counsel shall so notify the Court in accordance with the rules. In filing any responsive pleading, the Court reminds counsel that the purpose of a Motion to Dismiss is to test the sufficiency of the pleading, not to decide the merits of the case, *see Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) [3:09-cv-302, DE 19 at 1], and that Motions to Dismiss are not to consider matters outside of the pleadings. Fed. R. Civ. P. 12. Notably, cases 3:08-cv-490 and 3:10-cv-11 already have Answers filed.

Relative to the pending Motions for Summary Judgment; as previously identified, in the midst of their cross-referenced filings, Heartland and Forest River have requested that further discovery be allowed to take place before the Court issues any ruling on summary judgment adverse to it. In addition, the parties cannot agree about whether discovery on damages actually affects the outcome of the liability determinations [*see, e.g.,* 3:09-cv-302, DE 46], even though the argument made is that Forest River's claims fail because Forest River cannot prove sales or damages. It has become clear to the Court that these discovery disputes, along with the issue of consolidation, need to be resolved before any pending Motions for Summary Judgment can properly be pled, let alone ruled on, so as to keep from rendering final decisions on a less-than-complete record. As a result, the currently pending Motions for Summary Judgment will be dismissed with leave to refile after the close of all discovery and related discovery disputes. The parties are not to file any motion for summary judgment until the entire discovery process has concluded, consistent with Fed. R. Civ. P. 56(b), absent permission from the undersigned to do

otherwise. This is not the first time the parties have been so directed by this Court [*See* 3:09-cv-302, DE 18; 3:10-cv-011, DE 22]. Any future changes to the way that discovery will proceed in any case shall be handled by the Magistrate Judge.

After discovery has concluded, each party will be allowed to file only one motion for summary judgment per case, with any consolidated cases counting as a single case. That one motion may seek judgment on as many claims as the case makes appropriate, but each party may only file one motion for summary judgment. Motions should identify the evidence at issue with specificity, and shall include relevant arguments within that motion and the supporting documents filed.

Notice is also given to the parties that the Court will no longer accept as support for a particular motion, arguments made in support of another motion. In other words, each motion must be independently supported by separate argument. In addition, as the Magistrate Judge has indicated, motions shall only be filed separately, consistent with N.D. Ind. L.R. 7.1(b) [*see* 3:08-cv-490, DE 179 at 2]. Any future failures by counsel to follow the Local Rules or this Court's orders may result in a denial of the motion.

For the reasons stated in this Opinion and Order:

**3:08-cv-490:** Heartland's Motion for Summary Judgment [DE 130]; Forest River's Partial Motion for Summary Judgment on Unfair Competition [DE 134]; and Heartland's Cross-Motion for Summary Judgment on Unfair Competition [DE 141] are DISMISSED WITH LEAVE TO REFILE after the close of all discovery (and after all discovery disputes have been resolved) as directed herein. As a result, Forest River's Motion for a Hearing [DE 183] and Forest River's Motion in Limine [DE 184] filed with regard to Heartland's Motion for Summary

Judgment are DENIED AS MOOT, with leave to refile if deemed necessary once any future summary judgment motion is filed.

**3:09-cv-302:** Heartland, Brian Brady, and Thor Industries, Inc.'s Motion to Dismiss [DE 68] and Catterton Partners' Motion to Dismiss [DE 71] are DISMISSED WITH LEAVE TO REFILE after the undersigned rules on the consolidation of cases as directed herein. Forest River's Motion to Consolidate Discovery [DE 37], Heartland's Motion to Bifurcate or Stay Damages Discovery [DE 38], and Forest River's requested hearing [DE 83] are DENIED AS MOOT.

**3:10-cv-409:** Heartland's Motion to Dismiss [DE 12] is DISMISSED WITH LEAVE TO REFILE after the undersigned rules on the consolidation of cases as directed herein.

SO ORDERED.

ENTERED:   September 27, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court